IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL A. HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-193-SLR |
| | ) | |
| PERRY PHELPS,  Warden, and | ) | |
| and JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

Michael A. Harris.  Pro se petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

**MEMORANDUM OPINION**

June ♪♪ , 2010
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Michael A. Harris' ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (D.I. 1)  For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was indicted in November 1996 on charges of first degree murder and possession of a deadly weapon during the commission of a felony.  In September 1997, petitioner pled guilty to the weapons charge and to manslaughter, a lesser-included offense of first degree murder.  The Delaware Superior Court sentenced petitioner to an aggregate of twelve years of incarceration.  Petitioner did not appeal his conviction or sentence.  (D.I. 13, at p. 1)

Following his conviction, petitioner filed the following motions for modification and/or reduction of sentence:

(1)  October 1997: a motion for modification of sentence and a letter seeking a modification of sentence, both of which the Superior Court denied in November 1997.

(2)  March and April 1998: two letters asking the Superior Court judge to credit petitioner's sentence with time served while awaiting trial in Delaware.   Although the state court judge asked the Warden to treat petitioner's request as an administrative matter, the record demonstrates that no further action occurred with respect to the sentencing credit request.

(3)  May 1999: a letter asking the Superior Court judge if he would accept "a

modification from this institution" if he were to successfully complete the Greentree Program. In response, the Superior Court judge commended petitioner on his efforts, but explicitly stated that he did not consider the letter to be a Rule 35 motion.

(4) June 2003: a motion for modification of sentence, which the Superior Court denied in June 2003.

(5) August 2003: a motion for modification of sentence, denied by the Superior Court that same month.

(6) August 2005: a motion for modification of sentence, denied by the Superior Court in September 2005. *See generally* (D.I. 14)

On July 3, 2008, petitioner filed a petition for writ of habeas corpus in the Delaware Supreme Court. The Delaware Supreme Court denied the petition for lack of jurisdiction on July 23, 2008. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 68) Thereafter, petitioner filed a petition for writ of habeas corpus in the Superior Court on August 27, 2008. It appears that the Superior Court construed the petition as a motion for modification of sentence and as a petition for writ of habeas corpus, and denied the motion/petition on August 28, 2008. (*Id.* at Entry Nos. 70 & 71). Petitioner appealed that decision, and the Delaware Supreme Court denied the appeal as untimely on December 16, 2008. (*Id.* at Entry No. 72)

Petitioner filed the pending § 2254 application in March 2009, asserting the following four claims: (1) his rights under the Interstate Agreement on Detainers were violated when he was not returned to Pennsylvania after being sentenced in Delaware; (2) he is being held illegally because Delaware officials did not properly credit him with time spent in Delaware under a Pennsylvania sentence; (3) he was improperly

2

characterized as an habitual offender for the manslaughter and weapons convictions; and (4) his rights under the Double Jeopardy Clause were violated when he was convicted of both manslaughter and possession of a deadly weapon during the commission of a felony. The State filed an answer, asserting that the application should be denied as time-barred and, alternatively, as procedurally barred. (D.I. 13) The application is ready for review.

## III. ONE YEAR STATUTE OF LIMITATIONS[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated March 2009, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh v. Murphy, 521 U.S. 320, 336

---

[1]The court's conclusion that the instant application is time-barred obviates the need to discuss the State's alternative reason for denying the application.

3

(1997). Because he does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D), the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced petitioner on October 1, 1997, and he did not file a notice of appeal. Consequently, petitioner's conviction became final thirty days later, on October 31, 1997. *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal). Applying the one-year limitations period to that date, petitioner had until October 31, 1998 to timely file his application. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions). Petitioner, however, filed the instant application on March 20, 2009,[2] more than ten years after the expiration of the limitations period. Thus, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably

---

[2]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the court adopts March 20, 2009 as the date of filing because that is the date on petitioner's application.

4

tolled. *See Jones,* 195 F.3d at 158. The court will discuss each doctrine in turn.

## A. Statutory tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers,* 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor,* 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). According to well-settled Third Circuit precedent, a motion for correction of sentence filed pursuant to Delaware Superior Court Criminal Rule 35(a) which alleges some illegality in sentencing or conviction may trigger statutory tolling under § 2244(d)(2), whereas a Rule 35(b) motion seeking a modification of sentence purely on leniency grounds does not trigger statutory tolling. *See Hartmann v. Carroll,* 492 F.3d 478, 482 (3d Cir. 2007). However, when dealing with pro se filings, the Third Circuit has recognized the possibility "that a prisoner might file what is ostensibly a motion under Rule 35(b) and yet intend to seek relief other than discretionary leniency." *Id.* at 482, n.8. Consequently, in order to determine if pro se Rule 35 motions filed in the Delaware courts trigger statutory tolling, the reviewing court must consider the substance of the Rule 35 motion, rather than rely solely on its title.

Here, after viewing petitioner's numerous Rule 35 motions for modification/reduction of sentence within the *Hartmann* framework, the court concludes that none of the motions trigger statutory tolling under § 2244(d)(2). To begin, petitioner filed a Rule 35 motion for modification/reduction of sentence on October 24,

5

1997, as well as a letter, requesting that his sentence be reduced for four reasons: he killed in self-defense, his plea offer was a compromise, he was remorseful, and he has five children.[3] Even when liberally construed, however, these assertions constitute a request for a "discretionary exercise of leniency," and do not challenge the legality of the proceedings leading to petitioner's convictions. Thus, petitioner's October 1997 motion and letter for modification of sentence do not have any statutory tolling effect.

The next post-conviction request to be considered under § 2244(d)(2) is the May 12, 1999 letter petitioner filed describing his efforts to rehabilitate and asking the Superior Court to reduce his sentence. The bulk of the letter describes the classes petitioner attended and his treatment plan, and also asks that he be permitted to keep his dredlocks for religious and safety reasons. Nothing in the letter challenges the legality of petitioner's conviction or sentence, and petitioner actually states that he would appreciate it if the judge could "consider [his] plea for leniency." (D.I. 14, *State v. Harris*, ID 9611003491, Letter stamped May 12, 1999). Hence, at most, the letter constitutes a letter motion requesting leniency in sentencing, which again does not qualify for statutory tolling under Third Circuit precedent.[4] *See Hartmann*, 492 F.3d at 482.

And finally, in June 2003, petitioner filed a Rule 35(a) motion for correction of

---

[3]The Delaware Superior Court denied the motion and letter request on November 5, 1997, and petitioner did not appeal that decision.

[4]This conclusion is supported by the Superior Court's response to the May 12, 1999 letter; even though the Superior Court judge wrote a letter commending petitioner on his attempts to "get his life in order," the judge explicitly stated that he did not consider the letter to be a Rule 35 motion. The judge also explained that, even if he were to view the letter as a Rule 35 motion, he did not look upon it favorably.

sentence, which the Superior Court denied as meritless. Assuming, without deciding, that petitioner's June 2003 Rule 35(a) motion challenged the legality of his conviction and sentence, thereby qualifying as a proper motion for post-conviction review under § 2244(d)(2), this particular Rule 35(a) motion cannot trigger statutory tolling because it was filed approximately four and one-half years after the expiration of the limitations period. Similarly, petitioner's additional Rule 35 motions filed on August 2, 2003 and August 31, 2005, as well as the petition for writ of habeas corpus/Rule 35 motion filed on August 27, 2008, cannot toll the limitations period because they, too, were filed after the expiration of AEDPA's time period. Thus, the court concludes that none of petitioner's post-conviction motions trigger statutory tolling.

Nevertheless, the State asserts a possible argument for viewing the Rule 35(a) motion petitioner filed in August 2003 requesting sentencing credit as "relating back" to a letter he filed in the Superior Court on March 2, 1998 requesting the same sentencing credit,[5] which would result in statutory tolling from March 2, 1998 onward. Even if the court were to accept this "relation back" argument, (which it does not),[6] any resulting statutory tolling would not render the application timely filed. For instance, under this alternate scenario, the March 2,1998 letter would have essentially constituted an informal (and most likely improperly filed) motion for correction of illegal sentence that was pending in the Superior Court until August 25, 2003, the date on which the state

---

[5](D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 54)

[6]*See Austin v. Carroll*, 224 Fed. Appx. 161 (3d Cir. 2007)(rejecting "relation back" argument for improperly filed state post-conviction motions).

7

court judge denied the formal Rule 35(a) motion filed on August 5, 2003.[7] Because

petitioner did not appeal the Superior Court's August 25, 2003 decision, the March

1998 letter would have tolled the limitations period from March 2, 1998 through

September 25, 2003, thirty-days after the Superior Court denied the properly filed

August 2003 Rule 35(a) motion.[8] Considering that 122 days had elapsed between the

date on which petitioner's conviction became final (October 31, 1997) and the date on

which he filed the letter (March 2, 1998), petitioner only had 243 days left to timely file

his application when the limitations clock started to run again on September 26, 2003.

The limitations clock would have continued to run the remaining 243 days without

interruption until it expired on May 25, 2004. Consequently, the Rule 35 motion filed in

August 2005 and the habeas corpus petition/Rule 35 motion filed in August 2008 still

would have no statutory tolling effect.

In sum, petitioner did not timely file his application, even if the court construes

the March 2, 1998 letter as a Rule 35(a) motion for statutory tolling purposes and

includes the statutory tolling effectuated by that letter. Accordingly, the application is

---

[7]When the Superior Court denied petitioner's August 2003 Rule 35(a) motion on August 25, 2003, it explicitly held that petitioner was not entitled to credit for time served prior to sentencing because he was serving a sentence from a Pennsylvania conviction while he was awaiting trial in Delaware. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entry No. 60) Thus, although the Superior Court never officially acted on petitioner's March 2, 1998 letter requesting credit for such time served, the state court's August 25, 2003 denial of the August 5, 2003 Rule 35(a) motion disposed of the issue. In other words, the credit issue raised in the March 1998 letter was essentially pending before the Superior Court from March 2, 1998 through August 25, 2003.

[8]Petitioner did not appeal the Superior Court's August 25, 2003 decision. Therefore, any statutory tolling triggered by the March 1998 letter would extend another thirty days through September 25, 2003.

time-barred unless equitable tolling is applicable.

## B. Equitable tolling

AEDPA's limitations period may be tolled for equitable reasons in appropriate
cases. *Holland v. Florida*, - S.Ct. -, 2010 WL 2346549 (June 14, 2010). However, a
petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been
pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way
and prevented timely filing;"[9] mere excusable neglect is insufficient. *Schlueter v.
Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third
Circuit has specifically limited equitable tolling of AEDPA's limitations period to the
following circumstances:

(1) where the defendant (or the court) actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting
his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616 (3d Cir. 1998); *Thomas v.
Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

The court concludes that equitable tolling is not warranted in this case. As an
initial matter, petitioner does not allege, and the court cannot discern, that he was
actively misled, that he timely but mistakenly asserted his rights in the wrong forum, or
that any extraordinary circumstances prevented him from filing the instant application in
a timely fashion. Moreover, to the extent petitioner made a mistake or miscalculation
regarding the one-year filing period, that mistake does not warrant equitably tolling the
limitations period. *See Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14,

---

[9]*Holland*, 2010 WL 2346549, at *12.

9

2002).   Accordingly, the court will dismiss petitioner's habeas application as untimely.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court

must also decide whether to issue a certificate of appealability.  *See* 3d Cir. L.A.R. 22.2

(2008).  A certificate of appealability is appropriate when a petitioner makes a

"substantial showing of the denial of a constitutional right" by demonstrating "that

reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong."  28 U.S.C. § 2253(c)(2);  *Slack v. McDaniel*, 529 U.S. 473, 484

(2000).

If a federal court denies a habeas application on procedural grounds without

reaching the underlying constitutional claims, the court is not required to issue a

certificate of appealability unless the petitioner demonstrates that jurists of reason

would find it debatable: (1) whether the application states a valid claim of the denial of a

constitutional right; and (2) whether the court was correct in its procedural ruling.  *Id.*

"Where a plain procedural bar is present and the district court is correct to invoke it to

dispose of the case, a reasonable jurist could not conclude either that the district court

erred in dismissing the petition or that the petitioner should be allowed to proceed

further."  *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 is time-barred.  Reasonable jurists would not find this

conclusion to be debatable.  Consequently, the court declines to issue a certificate of

appealability.

10

## V.  CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied.  An appropriate order shall issue.